**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4747**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSHUA ALAN HUFFMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-02-41-V)

---

Submitted:  September 28, 2005          Decided:  November 2, 2005

---

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

Denzil H. Forrester, DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Kimlani S. Murray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joshua Alan Huffman appeals his conviction and 117 month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to one count of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) (2000), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). We affirm in part and dismiss in part.

On appeal, counsel filed an <u>Anders</u>[*] brief asserting that there are no meritorious issues for appeal, but arguing at Huffman's request that the prosecutor engaged in misconduct and that Huffman's counsel at trial was ineffective. Huffman filed a pro se supplemental brief in which he asserted that the enhancements of his offense level violated the holding of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and he is entitled to be resentenced. In his supplemental brief addressing the impact of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), counsel asserts that because Huffman's mental capacity was never evaluated by a qualified physician, the district court could not give reasonable consideration to that factor in determining Huffman's sentence pursuant to <u>Booker</u>. In a supplemental response brief, the Government argues that, unlike the claims of prosecutorial misconduct and ineffective assistance of counsel asserted in the

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

- 2 -

opening brief, the sentencing claims in the supplemental briefs are precluded by the waiver of appellate rights in Huffman's plea agreement.

Huffman initially asserts that the Assistant United States Attorney (AUSA) engaged in misconduct in failing to mention at sentencing that Huffman brandished the handgun used in the second robbery. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Huffman must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id. Our review of the record leads us to conclude that none of the AUSA's remarks were improper, and her failure to mention at sentencing that Huffman brandished a firearm was also not improper. Moreover, even if there were some impropriety in the AUSA's remarks, Huffman has not demonstrated any prejudice resulting from those remarks.

Huffman also asserts that counsel was ineffective in failing to petition the district court for a mental health evaluation  based upon an injury to his frontal lobe caused by an assault during a robbery in September 2001. An allegation of ineffective assistance should not proceed on direct appeal unless

it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We conclude that counsel's purported deficient performance in failing to request a mental health evaluation is not apparent from the record, as Huffman's competence was not reasonably put in issue. Beck v. Angelone, 261 F.3d 377, 387 (4th Cir. 2001). Huffman may assert his ineffective assistance claim in proceedings under 28 U.S.C. § 2255 (2000).

The Government argues that the substantive issues attacking his sentence that Huffman asserts in his pro se and formal supplemental briefs are barred by the plea agreement waiver of appellate rights. We review the validity of a waiver of appellate rights de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold it if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Rule 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

In this case, the magistrate judge conducted a Rule 11 colloquy, had the AUSA summarize the plea agreement, including the

waiver provision, and asked Huffman whether he agreed with the AUSA's summary and whether he had signed the plea agreement. Huffman replied in the affirmative. Huffman was nineteen years old and had a ninth grade education. He indicated that he understood the proceedings and, although he was taking medication for an anxiety disorder and depression, the medication did not impair his ability to understand and participate in the proceedings. The magistrate judge also correctly explained the statutory maximum penalties for the charges to which Huffman agreed to plead guilty. Huffman's sentence of 117 months of imprisonment was within this statutory range. Although the district court's discussion of the plea agreement was somewhat brief, it was sufficient to establish that Huffman knowingly and intelligently entered into the plea agreement and the appellate waiver provision. United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002).

Moreover, we recently held that a plea agreement waiver of the right to appeal that was accepted prior to the Supreme Court's decision in Booker was not invalidated by the change in law effected by that decision. United States v. Blick, 408 F.3d 162, 170-71 (4th Cir. 2005). We conclude that Huffman's waiver of his right to appeal was knowing and voluntary and his sentence is within the scope of the waiver provision. We therefore decline to consider the substantive arguments related to his sentence.

In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any other potentially meritorious issues and have found none.  Accordingly, we affirm Huffman's conviction and sentence and dismiss his claims under <u>Blakely</u> and <u>Booker</u> as barred by his plea agreement waiver.  This court requires that counsel inform Huffman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Huffman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Huffman.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART AND</u>
<u>AFFIRMED IN PART</u>